UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:04-CV-386R

COREY M. RICHARDSON                                                                           PLAINTIFF

v.

BOARD OF EDUCATION OF JEFFERSON COUNTY KENTUCKY,        DEFENDANTS
et al.

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Alter and Amend the Judgment of September 22, 2006 (Docket #70). Defendants filed responses (Docket #71, 72, 73). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

## PROCEDURAL HISTORY

On September 22, 2006, this Court issued a Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment. On October 2, 2006, Plaintiff filed a Motion to alter and amend the judgment under FRCP 59(e) arguing that the Court did not view the facts in a light most favorable to the Plaintiff as required by FRCP 56, and that the Court misconstrued the case law it used when making its determination.[1] Defendants filed responses contending that the Plaintiff is attempting to impermissibly reargue his case and that the case law cited by the Plaintiff is consistent with the Court's findings as well as the law of Kentucky and the Sixth Circuit Court of Appeals.

---

[1] Plaintiff also seeks relief pursuant to FRCP 60. However, as the motion was filed within ten days of the entry of the judgment, the Court will construe the motion solely as a motion to alter or amend pursuant to FRCP 59(e). *See Vance v. United States*, 90 F.3d 1145, 1148 n.2 (6th Cir. 1996).

**STANDARD**

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *Id.*

**DISCUSSION**

**I.     PLAINTIFF'S CLAIMS AGAINST KEEPERS, KNABEL, COURTIEN, AND COX**

**A.     Unreasonable Search and Seizure**

Plaintiff disputes the Court's finding that the search and seizure was not unconstitutional, arguing that the search was neither justified at its inception nor permissible in its scope.

In *New Jersey v. T.L.O.*, the Supreme Court held that the Fourth Amendment applies to searches conducted by school authorities but rejected strict adherence to a probable cause requirement. 469 U.S. 325, 336-37, 341 (1985). The Court found that the legality of a school search depends on its reasonableness under all the circumstances. *Id.* at 341. Determining the reasonableness of a school search requires a twofold inquiry: first, was the action justified at its inception; and second, was the search as conducted reasonably related in scope to the circumstances justifying the search. *Id.* In general, "a search of a student by a teacher or other school official will be justified at its inception when there are reasonable grounds for suspecting that the search will turn

2

up evidence that the student has violated or is violating either the law or the rules of the school." *Id.* at 341-42. A search is generally "permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and nature of the infraction." *Id.* at 342.

Contrary to the Plaintiff's contentions, the instant search and seizure was justified at its inception. Here, Plaintiff was observed by Courtien, a school instructor, entering the stairwell approximately five seconds prior to hearing a loud explosion and an examination after the explosion showed that the explosion had occurred in that stairwell.[2] Plaintiff had a history of significant disciplinary problems at the school including two incidents involving possession of matches or a lighter.[3] Knabel also had smelt a strong odor of gunpowder on Plaintiff's hands.[4] Intentionally causing an explosion in the school constitutes felony arson under KRS Chapter 513, et seq. According to the Jefferson County Public Schools Procedure it is also against school rules to have explosives or fireworks on school grounds. Although Plaintiff was never charged with a crime for

---

[2] The Plaintiff argues that for Courtien to have made the observations claimed, he would have had to exhibit "Supermanian activity," as he would have had to be on the first floor, second floor, third floor, and again on the first floor in a short time period. However, Plaintiff failed to present evidence refuting Courtien's presence at these locations.

[3] Contrary to Plaintiff's assertions, this Court may take into account Plaintiff's prior disciplinary history in determining whether reasonable grounds existed for suspecting that the search would turn up evidence that Plaintiff had violated either the law or the rules of the school. *See United States v. Martin*, 289 F.3d 392, 399 (6th Cir. 2002) (suspected prior prostitution conviction part of totality of circumstances giving reasonable suspicion for investigatory stop); *United States v. Palomino*, 100 F.3d 446, 450 (6th Cir. 1996) (prior criminal history included in totality of circumstances establishing reasonable suspicion).

[4] Plaintiff argues that this fact is in dispute, as Plaintiff's mother testified that when she arrived in the school office she did not perceive any gunpowder odor on Plaintiff. However, Plaintiff's mother arrived long after Knabel originally smelt the gunpowder odor. There is no evidence to dispute the fact that Knabel smelt gunpowder at the time that Plaintiff was initially detained.

this incident, in order for a search to be justified at its inception all that is required is a reasonable ground for suspecting that the search will turn up evidence that the student has violated either the laws or the rules of the school. *See id.* at 341-42. The fact that nothing was found on Plaintiff's person or that he did not or could not commit the act do not preclude the grant of summary judgment.[5] Reasonable grounds were present in the instant case.

Having found that the search was justified at its inception, the Court is next required to determine whether the search as conducted was reasonably related in scope to the circumstances justifying the search. *Id.* at 341. The first search of Plaintiff consisted of a pat down and the removal of Plaintiff's socks and shoes. The propriety of this search was not disputed. Finding nothing, Cox then had Plaintiff pull his pants down and pulled out his boxer shorts from the top and shook them and looked down into the groin area. The purpose of the search was to find explosives or related items. Plaintiff was sixteen years old and finishing his junior year at the time of the search. Only males were present in the office while Plaintiff was searched and the two students who walked by the office during the search were also males. The event precipitating the search was an explosion implicating safety concerns.

Plaintiff contends that in the absence of individualized suspicion of wrongdoing and with no imminent and serious harm pending, the scope of the search was not reasonable under the circumstances. The Court addressed these issues in its Order, finding that the search was reasonably related in scope to the circumstances justifying the search. The search at issue involved a search for

---

[5] Plaintiff argues that he had knee surgery that would have precluded him physically from moving between the location where the fireworks went off and the location where he was found in the amount of time that elapsed between the two. However, Plaintiff failed to show that Defendants were aware of this physical impediment prior to the search.

an item that posed a threat to health or safety; the search was conducted by someone of the same sex and was only visible to members of the same sex; and the search consisted of a brief inspection for concealed explosives or related items. As discussed above, there was individualized suspicion of wrongdoing based on Courtien's observations. Plaintiff argues that the Court's finding is erroneous as Cox was reprimanded on the basis of this search for violating police policy and procedure. However, the fact that a police officer may have violated a city's policies does not establish a constitutional violation sufficient to permit recovery under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992) ("A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983. To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law, as well as a violation of common sense"). The Court maintains its finding that the search as conducted was reasonably related in scope to the circumstances justifying the search.

As the Court maintains its finding that the search was constitutional, the Court will abstain from discussing Plaintiff's contentions concerning the claims of qualified immunity.

**B.      Equal Protection**

Plaintiff disputes the Court's finding that there is insufficient evidence of School Defendants treating black students differently than whites. However, Plaintiff presents no newly discovered evidence or an intervening change of controlling law to support his argument. In fact, the sole case cited by Plaintiff in support of his argument was cited by this Court in support of its ruling. Nor has Plaintiff demonstrated that this Court must alter its ruling to prevent manifest injustice. Plaintiff asserts that he is a member of a protected class on account of his race, African-American, and that

he was subject to different treatment than that received by white students. Despite Plaintiff's argument, the Court maintains its finding that Richardson has not met his burden of showing by requisite direct, circumstantial, or statistical evidence that he was the target of racial profiling. *See United States v. Saucedo*, 226 F.3d 782, 790 (6th Cir. 2000). The evidence indicates that the motivation for the stop came from Courtien's observation of Plaintiff entering the stairwell where the explosion occurred moments before the explosion and his prior disciplinary history at Southern, including two incidents involving possession of matches or a lighter at school.

Therefore, this Court maintains its finding that Plaintiff's Equal Protection Clause claim fails as a matter of law.

**C.    42 U.S.C. §§ 1981 and 1985(3) Racial Discrimination Claims**

This Court dismissed Plaintiff's claim under 42 U.S.C. § 1981 because Plaintiff had failed to allege any specific intentional of purposeful racist discrimination related to the incident on the part of Defendants. This Court dismissed Plaintiff's claim under 42 U.S.C. § 1985(3) because Plaintiff failed to provide any evidence citing or supporting a particular conspiracy amongst two or more persons geared at African-Americans in general, and specifically at Plaintiff. Plaintiff has failed to address these deficiencies.

Therefore, this Court maintains its finding that Plaintiff's 42 U.S.C. §§ 1981 and 1985(3) claims fail as a matter of law.

**II.    CLAIMS AGAINST THE LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT & ITS SUPERVISORY OFFICIALS AND AGAINST THE BOARD OF EDUCATION OF JEFFERSON COUNTY & ITS SUPERVISORY OFFICIALS**

Plaintiff contends that the search and seizure was unconstitutional and, therefore, summary judgment was improperly granted to these Defendants. However, as determined above, the Court

maintains its finding that the search and seizure was not unconstitutional.

## IV.   STATE CLAIMS

Plaintiff contends that the search and seizure was unconstitutional and, therefore, summary judgment was improperly granted to Defendants on the state law claims.  However, as determined above, the Court maintains its finding that the search and seizure was not unconstitutional.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Alter and Amend the Judgment of September 22, 2006, is DENIED.

An appropriate order shall issue.